ISLANDS, INCORPORATED, a corporation organized and existing under the Laws of the State of Florida, *Relator*, vs. DOYLE E. CARLTON, Governor of the State of Florida, ERNEST AMOS, Comptroller of said State, W. V. KNOTT, Treasurer of said State, CARY D. LANDIS, Attorney General of said State, and NATHAN MAYO, Commissioner of Agriculture of said State, as and Constituting the Trustees of the Internal Improvement Fund of the State of Florida, *Respondents*.

141 So. 896.

En Banc.

Opinion filed May 25, 1932.

*Wilson Trammell* for Relator;

*Cary D. Landis,* Attorney General, and *M. C. McIntosh,* Assistant, for Respondents.

TERRELL, J.—In this proceeding in mandamus the amended alternative writ was issued commanding the respondents to pay over to relator the sum of $21,400.25 or show cause why they refuse to do so. The cause now comes on to be finally disposed of on the return to and motion to quash the amended alternative writ.

It appears that in 1926 pursuant to Sections 1061 and 1062 Revised General Statutes of 1920 (Sections 1391 and 1392 Compiled General Laws of 1927) respondents sold to relator certain tidal and swamp lands located in Palm Beach County, Florida, for a consideration of $47,160, $11,790 of which was paid in cash and the balance in three equal promissory notes due in one, two, and three years. Two of these notes were paid. Of the lands conveyed 3.13 acres were swamp lands and 31.99 acres were submerged lands which had to be filled in to be made suitable for residence or commercial purposes. The War Department refused relator a permit to fill in these lands and failing to secure said permit the respondents accepted a reconveyance of them from relator with the understanding that relator might select other lands to be conveyed to it by respondents in lieu of the lands selected and conveyed in the first instance. In January, 1930, relator advised respondents that it had failed to find any lands belonging to them suitable for its purposes and requested return of the $21,400.25 paid them on the lands reconveyed to them. Respondents declined to return said funds and relator instituted this proceeding.

Respondent relies for relief on Section 1084 Revised

General Statutes of 1920 (Section 1415 Compiled General Laws of 1927) and Chapter 14889 Acts of 1931.

Section 1084 Revised General Statutes of 1920 authorizes the respondents to refund to any purchaser all moneys paid them for lands to "which title has failed by reason of the fact that the trustees of the Internal Improvement Fund had no title or right to convey the same." The record discloses that the respondents, trustees of the Internal Improvement Fund, had ample power to convey the lands brought in question. They were authorized to convey the 31.99 acres under Sections 1061 and 1062 Revised General Statutes of 1920, and the 3.13 acres, about which there was some dispute as to the amount of acreage, they received under the swamp land grant of 1850 and were authorized to convey under Chapter 610 Acts of 1855, Laws of Florida. There was, therefore, no failure of title as to said lands warranting a refund.

Chapter 14889 Acts of 1931 authorizes the trustees of the Internal Improvement Fund and the State Board of Education to refund the moneys claimed by relator, provided said refund does "not take precedence over any payment due and payable by the trustees of the Internal Improvement Fund for taxes and current expenses." The amended alternative writ does not allege or show that the respondents have funds over and above sums due by them for taxes and current expenses that they could appropriate to the payment of this claim. The return to the amended alternative writ on the other hand shows that amounts due by respondents for taxes and current expenses are far in excess of any funds in their hands.

The return to the amended alternative writ was ample so the motion to quash must be and is hereby granted.

WHITFIELD, ELLIS AND BROWN, J.J., concur.

BUFORD, C.J., dissents.

DAVIS, J., not participating.